Arthur A. Beaudry v. Commissioner.
Beaudry v. Commissioner
Docket No. 109352.
United States Tax Court
1946 Tax Ct. Memo LEXIS 269; 5 T.C.M. (CCH) 61; T.C.M. (RIA) 46030; February 6, 1946
*269 John Morawski, Esq., for the respondent. TURNER Supplemental Memorandum Findings of Fact and Opinion The decision of this Court entered herein under date of June 2, 1943 [, was modified in part by the United States Circuit Court of Appeals for the Second Circuit, and remanded in part for further proceedings in accordance with the opinion of the said Circuit Court of Appeals therein. In its opinion, that Court held that we were in error in disallowing depreciation on a rug, stand, radio and cocktail table, and that the basis as set forth in our opinion for the denial of a deduction of $2,750 as a bad debt was not a proper basis for the denial of that deduction. We are accordingly required to make findings in respect of the items stated in keeping with the views expressed by the Court in its opinion. Findings of Fact The debt of $2,750 owing by the Caledonia Holding Corporation to petitioner was worthless prior to 1938. Such worthlessness of the debt would have been known to the petitioner prior to 1938 by the exercise of any substantial effort or diligence. The petitioner exercised no such effort or diligence, and realization on his part *270 that the debt was worthless occurred in 1938. The rug, stand, radio and cocktail table were acquired by petitioner during the year 1938 on dates not shown by the record, at a total cost of $585.50. The useful life of the items in question is ten years. Opinion TURNER, Judge: With respect to the indebtedness of the Caledonia Holding Corporation, we are of the opinion from consideration of the evidence of record, and have found as a fact, that the said debt was worthless prior to 1938, and that the petitioner if he had made any substantial effort or exercised any substantial diligence would have known that to be true. As to the time when there was an affirmative realization on his part that the debt had become worthless, the record is not satisfactory. We think, however, after considering the testimony of the petitioner himself, that the evidence which we have preponderates in favor of the holding that complete realization or awareness that the debt was worthless did not come to him until 1938, and we have so found. Such a finding, if we read the opinion of the Court aright, calls for and requires the allowance of the bad debt item as a deduction in the computation of petitioner's *271 net income for 1938, and such effect will be given in entering the decision herein. With respect to the rug, stand, radio and cocktail table, the Court held that we were in error in concluding that the said items were not used in the taxpayer's trade or business. Accordingly, we construe the holding to mean that petitioner's claim for the allowance of a depreciation deduction on the items mentioned is to be granted. We have found that the useful life of the items is ten years, and it follows that the annual rate of depreciation is 10 per cent of basis. The evidence shows that the said items were acquired some time in 1938. We have no way of knowing the exact period during which they were owned and held by the petitioner and used in his business. Exercising our best judgment, and applying the rule in , we conclude that the items were owned by the petitioner and used in his business for a period of six months during 1938 and for the full year 1939. The depreciation allowance will be made on that basis. Decision will be entered pursuant to the original findings previously entered herein as modified by the supplemental findings this *272 date entered.